BIRD, PLAINTIFF AND RESPONDENT, v. SUCCESSION OF LÓPEZ,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action
of Debt.

MOTION by Respondent for Dismissal of the Appeal.

No. ——.—Decided March 12, 1915.

APPEAL—DUE DILIGENCE.—The mere lapse of the ninety days fixed by rule 59 of
this court is not of itself sufficient for dismissal of an appeal, but it must
be proved by other special circumstances that the appeal has not been prose-
cuted with due diligence.

STATEMENT OF CASE—AMENDMENTS—NEGLIGENCE OR ABANDONMENT.—The failure
of the appellant to include the amendments ordered by the court in the state-
ment of the case does not of itself constitute negligence or abandonment
when the court has not fixed a time within which it should be done.

ID.—AMENDMENTS.—Good practice requires that when the court orders amend-
ments to be made to the statement of the case it should fix a time therefor,
either of its own initiative or on motion of the respondent, and when said
amendments are not made within the specified period, the presumption of
negligence arises.

The facts are stated in the opinion.

*Mr. Arturo Aponte, Jr.,* for the appellant.

*Messrs. Francisco González* and *Juan de Guzmán Benítez*
for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is a motion to dismiss an appeal. On December 7,
1914, the District Court of Humacao ordered that the appel-
lant should make certain amendments to a statement of the
case, and that as soon as they were made the bill would be
approved. The order was notified to the appellant and the
respondent shows that on February 5, 1915, the amendments
had not been made. The judgment in the case was rendered
on October 7, 1914, and the appeal taken on November 4, 1914.
Rule 59 of this court provides:

"After the expiration of ninety days from the time of the notice
of the appeal, and even if any extension of time has been allowed
by the court below, any case not previously filed in this court may,
in the discretion of the court, be dismissed on motion if it be shown
satisfactorily that the appellant has not prosecuted his appeal with
due diligence or in good faith, or that the appeal is a frivolous one."

In the case of *Belaval* v. *Todd,* 21 P. R. R., 419, this court
pointed out very clearly that the mere lapse of time men-
tioned in the rule was not a sufficient reason for the dismissal
of an appeal, but that the failure to prosecute diligently must
be shown by other and special circumstances. In the case
of *Morfi* v. *The Fajardo Development Company,* 19 P. R. R.,
1138, the court decided that the mere failure to make similar
amendments did not of itself constitute negligence or aban-
donment. We indicated in the case of *Vega et al.* v. *Rodrí-*

*guez,* 19 P. R. R., 952, on another similar occasion, that the court below should fix a time for presenting the amendments, the mere lapse of time being held insufficient. If such an order fixing a definite time for amendment is made by a court below and the amendments are not made within such time, the presumption of negligence would arise. Therefore, the court below of its own motion, or at the request of the respondent, ought to fix a definite time for the presentation of amendments. We do not mean to be understood that such fixing of the time is an indispensable prerequisite to the dismissal of a case, but in the absence thereof some other facts should be presented to show that the delay had no justification.

The motion must be

*Overruled.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.